**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW ENGLAND BIOLABS, INC., | No. _____ |
| Petitioner, | |
| v. | Underlying Case: *biomodal Limited and Children's Medical Center Corp. v. New England Biolabs, Inc.*, No. 1:24-cv-11697-RGS (D. Mass.) |
| TD SECURITIES (USA), LLC, | |
| Respondent. | |

**NEW ENGLAND BIOLABS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SEAL**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Techs. Grp., Inc. v. L3Harris Techs., Inc.*,
   2025 U.S. Dist. LEXIS 160787 (S.D.N.Y. Aug. 15, 2025) ......................................................3

*Alexander Interactive, Inc. v. Adorama, Inc.*,
   2014 U.S. Dist. LEXIS 122732 (S.D.N.Y. Sept. 2, 2014) ....................................................2, 3

*Diversified Group, Inc. v. Daugerdas*,
   217 F.R.D. 152 (S.D.N.Y. 2003).............................................................................................2

*Loomis Sayles Tr. Co. v. Citigroup Global Markets, Inc.*,
   2025 U.S. Dist. LEXIS 169796 (S.D.N.Y. Aug. 28, 2025) ......................................................3

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................................................................1, 2

*Mirlis v. Greer*,
   952 F.3d 51 (2d Cir. 2020) ......................................................................................................2

*Siedle v. Putnam Invs.*,
   147 F.3d 7 (1st Cir. 1998) ........................................................................................................2

*United Specialty Ins. Co. v. LIC Contracting, Inc.*,
   2022 WL 74157 (E.D.N.Y. Jan. 6, 2022)..................................................................................2

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995).....................................................................................................2

*United States v. Live Nation Ent., Inc.*,
   2024 U.S. Dist. LEXIS 149682 (S.D.N.Y. Aug. 19, 2024) ......................................................3

New England Biolabs, Inc. ("NEB") respectfully submits this memorandum of law in support of its motion to (i) provisionally seal all papers relating to NEB's motion to compel Respondent TD Securities (USA), LLC ("TD") to produce all documents responsive to the subpoena duces tecum dated January 28, 2026 that NEB served on TD in the above-identified underlying case (the "Motion"), and (ii) permanently seal Exhibit 5 to the Declaration of Michael H. Bunis, Esq. (the "Bunis Declaration") in support of the Motion.

## BACKGROUND

In this miscellaneous action, NEB seeks an order compelling TD to produce documents in response to a subpoena that NEB served in the underlying case. In response to that subpoena, TD produced a small number of documents, including its engagement letter with biomodal, which it designated as "Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered by Judge Richard G. Stearns of the United States District Court for the District of Massachusetts. *See* ECF #49 ¶ B.3.[1] But TD does not dispute that it has and is withholding other responsive and indisputably relevant documents because biomodal Limited ("biomodal"), one of the plaintiffs in the underlying case, has claimed that they may be privileged.

As set forth in detail in NEB's memorandum of law in support of the Motion, there is no basis for TD's refusal to produce these documents. Nevertheless, in pre-motion correspondence, biomodal's counsel stated that it would "likely oppose" NEB's motion on privilege grounds and "ask[ed] that [NEB] file the papers under seal." Decl. of Daniel A. Schwartz, Ex. A.

## ARGUMENT

While there is a presumption of public access to judicial documents, "the court must balance competing considerations" against this presumption. *Lugosch v. Pyramid Co. of*

---

[1]    Citations to ECF numbers refer to filings in the above-identified underlying case.

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).[2] In weighing these interests, courts must consider (i) whether the record at issue is a "judicial document" – that is, a document placed before the court by the parties, (ii) the weight of the "presumption of access" to that judicial document, and (iii) all "factors that legitimately counsel against disclosure of the judicial document," and balance those factors against "the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Factors that counsel against disclosure include "the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." *Id.* at 59 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "[T]he weight of the presumption" of access "is not particularly great" for documents submitted in connection with a motion to compel that does not require a decision on the merits. *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 U.S. Dist. LEXIS 122732, at *5 (S.D.N.Y. Sept. 2, 2014).

Balancing these factors weighs in favor of provisionally sealing NEB's Motion and supporting papers. Privilege assertions are "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (quoting *Siedle v. Putnam Invs.*, 147 F.3d 7 (1st Cir. 1998)); *United Specialty Ins. Co. v. LIC Contracting, Inc.*, 2022 WL 74157, at *4 (E.D.N.Y. Jan. 6, 2022) (holding privileged documents could be filed under seal). Here, biomodal has informed NEB that it will likely argue the documents NEB seeks through the subpoena are privileged and requested that NEB file "the papers" relating to the Motion under seal. While NEB does not believe these documents are privileged or that its papers contain any information that might be privileged, the public interest in protecting biomodal's claimed privilege justifies provisionally sealing these papers until biomodal and/or TD have the opportunity to

---

[2]    Unless otherwise indicated, all quotations and citations are omitted and all emphasis is added.

explain why a longer-term sealing order is appropriate. *See United States v. Live Nation Ent., Inc.*, 2024 U.S. Dist. LEXIS 149682, at \*7 (S.D.N.Y. Aug. 19, 2024) (granting plaintiffs' application to provisionally seal complaint until defendants could file letter "explaining the basis for continued sealing"); *Advanced Techs. Grp., Inc. v. L3Harris Techs., Inc.*, 2025 U.S. Dist. LEXIS 160787, at \*1 (S.D.N.Y. Aug. 15, 2025) (granting request to provisionally seal to allow parties to set forth positions on permanent sealing).

The relevant factors also support permanently sealing Exhibit 5 to the Bunis Declaration, which is a copy of the engagement letter between TD and biomodal. Courts routinely allow agreements that reflect "proprietary [terms] and contain sensitive commercial information that is not publicly available" to be filed under seal because the "business interests in maintaining the confidentiality of [the] sensitive commercial information outweigh the presumption of public access." *Loomis Sayles Tr. Co. v. Citigroup Global Markets, Inc.*, 2025 U.S. Dist. LEXIS 169796, at \*5 (S.D.N.Y. Aug. 28, 2025). These interests are particularly strong when the confidential information belongs to a non-party. *See Alexander Interactive*, 2014 U.S. Dist. LEXIS 122732, at \*6–7 (allowing document produced by non-party and designated Highly Confidential to be filed under seal in connection with motion to compel). Here, when TD produced the engagement letter, it designated it Attorneys' Eyes Only pursuant to the Stipulated Protective Order in the underlying case, which provides that such documents may not be filed on the public docket. ECF #49 ¶ D.5. TD's interest in maintaining its confidential information, combined with its apparent reliance on the terms of the Stipulated Protective Order, justify permanent sealing of the engagement letter.

CONCLUSION

For the foregoing reasons, the Court should enter an order (i) provisionally sealing the papers filed in connection with the Motion and (ii) permanently sealing Exhibit 5 to the Bunis Declaration.

Dated:  New York, New York
          March 13, 2026

BAUGHMAN KROUP BOSSE PLLC

By */s/ Daniel A. Schwartz*

   Daniel A. Schwartz
   One Liberty Plaza – 46th Floor
   New York, NY 10006
   (212) 548-3212

*Attorneys for New England Biolabs, Inc.*

4